UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LOIS M. HALL-KIMBROUGH,<br><br>  Plaintiff,<br><br>  vs.<br><br>CORNELL KIMBROUGH,<br><br>  Defendants. | Case No: C 10-3935 SBA<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION** |

Plaintiff has filed a complaint seeking enforcement of a divorce decree issued by the Michigan State Circuit Court, Wayne County. Presently before the Court is Plaintiff's application to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915, permits the commencement of a civil action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed in forma pauperis prior to service and to dismiss the case at any time if the court determines, inter alia, that the allegation of poverty is untrue. The benefit of proceeding in forma pauperis is a privilege, not a right. Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984). Thus, to obtain this privilege, the litigant must demonstrate, to the Court's satisfaction, his or her inability pay the requisite fees and costs. See Williams v. Marshall, 795 F. Supp. 978, 979 (N.D. Cal. 1992).

In the present matter, Plaintiff states that she is currently receiving monthly income of of $1,912.28 from California PERS Disability Retirement and Social Security, as well as $720 per month in the form of Section 8 Housing Assistance. Plaintiff claims monthly expenses of

$1,851.20, which leaves Plaintiff with a monthly excess of only $61.08.  Based on the papers submitted, the Court, in its discretion, finds that Plaintiff should be conferred in forma pauperis status.

However, under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed in forma pauperis prior to service, and to dismiss the case at any time if the court determines that:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.

In this case, Plaintiff's complaint, which seeks enforcement of a Michigan state divorce decree, fails to allege facts giving rise to federal jurisdiction.  Specifically, there exists a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). This exception extends to "issues arising out of a conflict over a divorce decree …." Valley Force Life Ins. Co. v. Hulse, 2007 WL 2012740, *3 (N.D. Cal 2007) (citing McLaughlin v. Cotner, 193 F.3d 410, 414 (6th Cir. 1999)).  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's application to proceed in forma pauperis is GRANTED.

2. This action is DISMISSED.  The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  October 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HALL-KIMBROUGH et al,

        Plaintiff,

  v.

KIMBROUGH et al,

        Defendant.
                                        /

Case Number: CV10-03935 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lois M. Hall-Kimbrough
55-A Massolo Drive, Apt. A
Pleasant Hill, CA 94523

Dated: October 4, 2010
                                        Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk